IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRES BARAJAS-SANCHEZ, | § | |
| #39525-177, | § | |
|     Movant, | § | |
| | § | |
| v. | § | 3:11-CV-3226-K |
| | § | (3:09-CR-290-K(02)) |
| UNITED STATES OF AMERICA | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration is movant Andres Barajas-Sanchez's *pro se* motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, the Government's response, and movant's reply. For the reasons set out below, the § 2255 motion is denied.

## I. BACKGROUND

On October 7, 2009, in a sealed indictment, the Government charged movant and a co-defendant with conspiracy to possess with intent to distribute in excess of 500 grams of methamphetamine in violation of 21 U.S.C. § 846, 841(a)(1), (b)(1)(A). (doc. 1). On February 23, 2010, movant pled guilty pursuant to a plea agreement. (docs. 39, 48). On December 15, 2010, this Court sentenced movant to 84 months imprisonment and a three-year term of supervised release. (doc. 70). Movant did not file a direct appeal.

On November 18, 2011, movant filed his initial § 2255 motion alleging that his plea was involuntary and ineffective assistance of counsel. The government filed its response on December 29, 2011, and movant filed a reply brief on April 6, 2012.

## II. ANALYSIS

Following conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. Furthermore, movant voluntarily pled guilty and waived his right to collaterally attack his conviction, except for claims challenging the voluntariness of his plea and waiver and ineffective assistance of counsel. (*See* doc. 39). Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). "A defendant's waiver of [his or] her right to appeal is not informed if the defendant does not know the possible consequences of [the] decision." *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992). A defendant's waiver of the right to appeal requires special attention from the district court, and it is the district court's responsibility to ensure that a defendant fully understands his right to appeal and the consequences of waiving that right. *Id*.

A.      **Ineffective Assistance of Counsel**

When movant pled guilty, he waived his right to contest his conviction and sentence either on direct appeal or in a motion to vacate except for: 1) direct appeal claims that the sentence either exceeded the statutory maximum or was due to an arithmetic error; 2) a claim that either his appeal waiver or his guilty plea were not voluntary; or 3) claims of ineffective assistance of counsel. (*See* Plea Agreement at ¶ 10). In his § 2255 motion, Petitioner alleges defense counsel rendered constitutionally ineffective assistance. Specifically, he claims counsel: 1) coerced him into entering the plea agreement by telling him that, if he did not plead guilty, he would be indicted on additional charges (grounds one and three); 2) failed to interview witnesses and investigate the government's case prior to negotiating the plea agreement (ground two); 3) failed to defend movant properly in court, such that he received too long a sentence (Mot. at 2); and 4) failed to file a notice of appeal "as mandated by the law." (Reply at 2).

At his rearraignment hearing, movant testified through a Spanish interpreter that he understood that he was testifying under oath and could be charged with perjury if he made a false statement. (Rearraignment at 3). Movant further testified that he could read and write in Spanish, that the indictment had been read to him in Spanish, that his plea agreement and factual resume had been read to him in Spanish before he signed them, that he fully discussed the plea agreement and factual resume with his attorney before signing them, and that he understood everything in the agreement and factual

resume. *Id*. at 2, 5, 10, 13. Movant also testified that he understood that, even though he had spoken with his attorney about the sentencing guidelines, he should not rely on any statement or assurance by anyone as to what sentence he would receive because only the judge could make that decision, that the court is not bound by facts stipulate to by the parties, and that a presentence report would be prepared *Id*. at 9-10. Movant also testified that, other than the written plea agreement, no-one had made any promises or assurances of any kind in order to get him to plead guilty. *Id*. at 13. Movant also testified that he understood that his guilty plea would include a term of imprisonment of no less than ten years up to life imprisonment and that, if his sentence was more than he expected it to be, he would still be bound by his guilty plea. *Id*. at 14-15. Finally, movant testified that he understood that he was waiving his right to appeal except in limited circumstances. *Id*. at 16.

Although a guilty plea ordinarily waives all nonjurisdictional defects, including ineffective assistance claims, a petitioner may raise ineffective assistance to the extent that it affected the voluntariness of his plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (quoting *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.1983) ("once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived," and the waiver "includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.")). To establish ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's performance was deficient, and (2) that there is a

4

reasonable probability that, but for counsel's errors, defendant would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Cavitt*, 550 F.3d at 441; *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996). A court need not address both components of this inquiry if the petitioner makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

"Ordinarily a defendant will not be heard to refute his testimony given under oath." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.' *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Courts also presume the regularity of court documents and accord them "great weight." *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

1. <u>Voluntariness of Plea</u>

Movant asserts that his plea was involuntary because his attorney coerced him to pleading guilty by advising him that the government would charge him with additional

5

crimes if he did not plead guilty. (Mot. at 5, 7). Movant testified at his rearraignment hearing that he understood what he had been charged with, that he was guilty of all of the elements of the crime, that the plea agreement and factual resume had been read and explained to him, that he understood the sentencing range, that he understood that only the judge decided his sentence and that he should rely on no other statements regarding a possible sentence, that he understood that the judge would review the PSR before sentencing him, which could contain additional facts not contained in the factual resume, and that other than the written plea agreement, no-one had made any promises or assurances of any kind in order to get him to plead guilty.  Therefore, the record does not support movant's contention that his guilty plea was a coerced plea.

The Fifth Circuit has recognized that a movant may seek habeas relief on the basis that his attorney made alleged promises to him, even though this is inconsistent with representations he made in court when entering his plea, if he proves :1) the exact terms of the alleged promise; 2) exactly when, where, and by whom the promise was made; and 3) the precise identity of an eyewitness to the promise. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998), *citing Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989).  If a movant produces independent indicia of the merit of the allegations of alleged promises, typically by way of affidavits from reliable third parties, he is entitled to an evidentiary hearing on the issue. *Id*.  However, when the movant's "showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in light of other evidence in the record," the Court may dispense with his

6

allegations without an evidentiary hearing. *Id.* Movant has failed to demonstrate that his attorney coerced his guilty plea by making any threat or promise to him. Furthermore, the agreement that the government would not bring any additional charges against movant was, indeed, part of the written plea agreement. (Plea Agreement, ¶ 7). Even had movant's attorney communicated to him a statement from the government that additional charges would be brought if he did not plead guilty, this would not have rendered his plea an involuntary one. *See United States v. Felice*, 272 Fed. App'x 393, 396 (5th Cir. 2008) (holding that threats of additional charges are common in plea negotiations and do not undermine the voluntariness of a guilty plea), *citing Frank v. Blackburn*, 646 F.2d 873, 878-79 (5th Cir. 1980) (en banc). Movant has failed to overcome the presumption of veracity given to his sworn statements in court, and he has therefore failed to establish that his attorney rendered ineffective assistance of counsel with regard to his guilty plea as to render it an involuntary plea.

    2.    <u>Other Ineffective Assistance of Counsel Claims</u>

Movant further contends that his trial attorney was ineffective for failing to interview witnesses and investigate the government's case, for failing to properly defend him in court, and for failing to file a notice of appeal. (Mot. at 2, 5; Reply at 2).

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To show prejudice in the sentencing context, the movant must demonstrate that the alleged

7

deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

When a movant asserts that counsel was ineffective for failing to conduct a greater investigation into the facts, he must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the proceeding. *Potts v. United States*, 566 F. Supp. 2d 525, 537 (N.D. Tex. 2008), *quoting United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). This he has not done because he has cited to no witnesses who should have been interviewed, who were not, or elements of the government's case that should have been investigated that were not.

Movant next contends that his attorney was ineffective for failing to defend him in court, with the result that he was sentenced to the same sentence as if he had "committed a serious crime like Murder kidnapping and assault." (Mot. at 2). The PSR determined that the relevant offense level for movant was 37, with a guideline

punishment range of 210 to 262 months (PSR ¶ 36, 61). Counsel filed written objections to the PSR (doc. 59) and argued at sentencing that movant's should not be held responsible for money seized, that guns seized from movant's home should not be considered to have been used in connection with drug trafficking and therefore movant is eligible for a safety valve, and that movant should be given an adjustment in sentence for having a minor role. (Sentencing at 3, 7-15). The Court sustained defense counsel's objection to the guns and the base offense level based on the money seized and ruled that movant was eligible for the safety valve. Counsel's objection regarding the minor role adjustment was denied . *Id*. at 16-17. As a result, the guideline punishment range was determined to be 87 to 108 months, and movant was sentenced below that range, at 84 months imprisonment. (Sentencing at 17). Given defense counsel's success at lowering movant's punishment from a potential range of 210 to 262 months to 84 months, movant cannot establish that, had counsel argued differently, there is a reasonable probability that the outcome would have been more favorable to him.

In summary, movant's complaints about his counsel's performance fail because they are, in essence, complaints that movant received a longer sentence than he wanted. However, he was advised during his plea hearing that he could not withdraw his plea if his sentence was longer than he hoped. Furthermore, movant pled guilty because the evidence against him was substantial and because, by doing so, he received a three-level downward adjustment in his sentencing guideline for acceptance of responsibility. (PSR ¶ 28). Moreover, counsel successfully objected to the sentencing guideline contained in

the PSR, with the result being that he was sentenced to a substantially lower sentence.

Finally, movant asserts that his attorney was ineffective for failing to file a notice of appeal. Movant makes this assertion in his unsworn reply brief (Reply at 2). The Fifth Circuit has held counsel is *per se* ineffective for failing to file a notice of appeal when his client requested to file an appeal, even where a defendant has pled guilty pursuant to a plea agreement and waived most of his rights to appeal. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). Contested issues cannot be decided on the basis of affidavits alone unless supported by other evidence in the record, *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981), and whether an appeal was requested is a contested issue where a movant alleges in a § 2255 motion that he requested that his attorney file an appeal, and counsel submits an affidavit stating that his client did not make this request. *United States v. Thomas*, 216 F.3d 1080, *1 (5th Cir. May 15, 2000). Furthermore, when a movant alleges in a § 2255 motion that he requested that an appeal be made, and the record does not conclusively show whether and when this request was made, an evidentiary hearing is necessary. *United States v. Sheid*, 248 Fed. Appx. 543, 545 (5th Cir. Sept. 20, 2007). However, movant has not alleged, in either a sworn § 2255 motion or otherwise, that he requested that his attorney file a notice of appeal. Instead, he makes the conclusory statement that counsel failed to file a notice of appeal "as mandate by the law." (Reply at 2). Because movant has not alleged that he requested that his counsel file a notice of appeal and counsel failed to heed his request, he has not shown either that his trial counsel was ineffective in this respect or that there

is a contested issue of fact with respect to this issue.  Movant's claims of ineffective assistance of counsel are without merit and are denied.

**B.     Trial Court Errors**

Movant also appears to contend that the trial court erred by: 1) not addressing movant in open court in order to determine that his plea was voluntary and not coerced (Mot. at 1); and 2) imposing an improper sentence based on an erroneous PSR. (Reply at 2-7).

The magistrate judge properly advised and questioned movant with respect to his guilty plea pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  Movant signed both a plea agreement and factual resume that advised him of the parameters of his agreement after having had these documents read to him and discussed by him, he admitted his guilt to all of the elements of the offense in open court, and he acknowledged in open court the rights he was waiving by pleading guilty.  His plea, including the waiver of the right to appeal, was knowing and voluntary.  Therefore, the remainder of movant's claims of trial error are barred by his appeal waiver from being raised and considered in a § 2255 motion.  Nevertheless, the Court will note that movant complains that he should not have been sentenced based on guns seized from his home and that he should be considered eligible for a safety valve.  These arguments were already successfully made by trial counsel at sentencing, and he was not sentenced based on the guns and was ruled eligible for the safety valve.  Therefore, even were petitioner's claims of trial error not waived, they are without merit.

11

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED.

Signed this 4th day of December, 2012.

                                      *Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE